IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| LOGANTREE LP<br><br>*Plaintiff*,<br><br>v.<br><br>APPLE, INC.,<br><br>*Defendant*. | CIVIL ACTION NO. 6:21-cv-00397<br><br>**JURY DEMAND** |

### PLAINTIFF'S ORIGINAL COMPLAINT

1. Plaintiff LoganTree LP ("LoganTree") files this, its Original Complaint for patent infringement. Plaintiff asserts claims for patent infringement of U.S. Patent No. 6,059,576 ("the '576 Patent"), as reexamined, against Defendant Apple, Inc. ("Apple" or "Defendant"), under 35 U.S.C. § 271, *et seq*. In support thereof, LoganTree would respectfully show the Court the following:

**I.   PARTIES**

2. Plaintiff LoganTree LP ("Plaintiff" or "LoganTree") is a partnership organized under the laws of the state of Nevada. LoganTree's sole general partner is Gulfstream Ventures, LLC ("Gulfstream"), a limited liability company organized under the laws of the state of Nevada. Theodore and Anne Brann are the owners and sole managing members of Gulfstream, and their address is P.O. Box 2345, Boerne, Texas 78006.

3. Defendant Apple, Inc. is a corporation incorporated in California, with its principal place of business at One Apple Park Way, Cupertino, California 95014. Apple can be served with

process by serving their registered agent CT Corporation System at 1999 Byran St., Suite 900, Dallas, Texas 75201-3136.

4. Apple sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services into the stream of commerce that incorporate infringing technology knowing that they would be sold in this judicial district and elsewhere in the United States.

## II. JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has general and specific personal jurisdiction over Apple because Apple is present within and/or has sufficient minimum contacts with the State of Texas and the Western District of Texas pursuant to the Due Process Clause of the United States Constitution and the law of Texas. Apple has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Western District of Texas by entering into contracts with Texas businesses and by developing and producing the infringing products in and through Texas businesses. Apple has sought protection and benefit from the laws of the State of Texas. Moreover, Apple has purposefully and voluntarily placed infringing products in the stream of commerce with the expectation that its products will be purchased by end users in the State of Texas and in the Western District of Texas. Apple has committed the tort of patent infringement within the State of Texas and within the Western District of Texas. Finally, Plaintiff's causes of action arise directly from Apple's business contacts and other activities in the State of Texas and in the Western District of Texas.

7. More specifically, Apple directly and/or through intermediaries (including distributors, retailers, and others) ships, distributes, offers for sale, sells, and/or advertises its products in the United States, the State of Texas, and the Western District of Texas, including but not limited to the Accused Products identified below. Apple solicits customers in the State of Texas and in the Western District of Texas. Apple has customers who are residents of the State of Texas and the Western District of Texas and who use Apple's products and services, including the Accused Products, in the State of Texas and in the Western District of Texas. Apple derives substantial revenue from goods and service provided to individuals in Texas and in the Western District of Texas.

8. Venue is proper in the Western District of Texas under 28 U.S.C. § 1400(b). Defendant Apple has committed acts of patent infringement in the State of Texas and in the Western District of Texas and has a regular and established place of business in the State of Texas and the Western District of Texas. *See TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017). Moreover, Apple has transacted business in this district, and has directly and/or indirectly committed and/or induced acts of patent infringement in this district.

### III.    THE PATENT-IN-SUIT

9. On May 9, 2000, the United States Patent and Trademark Office ("PTO") duly and lawfully issued the '576 Patent, entitled "Training and Safety Device, System and Method to Aid in Proper Movement During Physical Activity," after a full and fair examination. A true and correct copy of the '576 Patent is attached hereto as Exhibit A.

10. On March 17, 2015, following a reexamination requested by LoganTree, the PTO issued a reexamination certificate for the '576 Patent, bearing U.S. Patent No. 6,059,576 C1 ("the '576 Reexamination Certificate"). A true and correct copy of the '576 Reexamination Certificate

is attached hereto as Exhibit B. The '576 Patent as reexamined is referred to as the "Reexamined '576 Patent."

11. The named inventor of the '576 Patent is Theodore L. Brann.

12. Mr. Brann assigned all right, title, and interest in the '576 Patent to LoganTree. LoganTree possess all rights of recovery under the '576 Patent and the Reexamined '576 Patent, including the exclusive right to sue for infringement and recover past damages.

## IV.   THE REEXAMINATION

13. The '576 Patent sets forth three independent claims—one each for the device, system, and method of the invention described above—along with twenty-six dependent claims. *Id.* at 17–18. On March 17, 2015, following a reexamination requested by LoganTree, the PTO issued the '576 Reexamination Certificate reaffirming the patentability of all of the '576 Patent claims, as amended, and further determining that an additional 156 dependent claims are patentable, for a total of 185 patented claims. Ex. B. Claims 1, 13, and 20 of the Reexamined '576 Patent are independent claims, and the remaining 182 claims are dependent on Claims 1, 13, or 20.

14. As stated in Claim No. 1 of the '576 Reexamination Certificate, the patented "device" consists of:

> A portable, self-contained device for monitoring movement of body parts during physical activity, said device comprising:
>
> a movement sensor capable of measuring data associated with unrestrained movement in any direction and generating signals indicative of said movement;
>
> a power source;
>
> a microprocessor connected to said movement sensor and to said power source, said microprocessor capable of receiving, interpreting, storing and responding to said movement data based on user-defined operational parameters, *detecting a first user-defined event based on the movement data and at least one of the user-defined operational parameters regarding the movement data, and storing first event*

>*information related to the selected first user-defined event along with the first time stamp information reflecting a time at which the movement data causing the first user-defined event occurred;*
>
>at least one user input connected to said microprocessor for controlling the operation of said device;
>
>a real-time clock connected to said microprocessor; memory for storing said movement data; and
>
>an output indictor connected to said microprocessor for signaling the occurrence of user-defined events;
>
>wherein said movement sensor measures the angle and velocity of said movement.

*Id*. at 3.[1]

15.    Claim 13 (the "System Claim") defines the patented "system" to comprise the Claim 1 device when connected via a "download device" to "a computer running a program capable of interpreting" the data gathered by the Claim 1 device.

16.    Claim 13 of the Reexamined '576 Patent is for: "A system to aid in training and safety during physical activity, said system comprising:

>A portable, self-contained movement measuring device, said movement measuring device further comprising:
>
>A movement sensor capable of measuring data associated with unrestrained movement in any direction and generating signals indicative of said movement;
>
>A power source;
>
>A microprocessor connected to said movement sensor and to said power source, said microprocessor capable of receiving, interpreting, storing and responding to said movement data based on user-defined operational parameters, detecting a first user-defined event based on the movement data and at least one of the user-defined operational parameters regarding the movement data, and storing first event information related to the selected first user-defined event along with the first time stamp information reflecting a time at which the movement data causing the first user-defined event occurred;

---

[1] The text in italics "indicates additions made to the patent" as a result of the reexamination. *Id*. at 3.

> At least one user input connected to said microprocessor for controlling the operation of said device;
>
> A real-time clock connected to said microprocessor; memory for storing said movement data; and
>
> At least one input/output port connected to said microprocessor for downloading said data and uploading said operational parameters;
>
> An output indicator connected to said microprocessor;
>
> A computer running program capable of interpreting and reporting said movement data based on said operational parameters; and
>
> A download device electronically connected to said movement measuring device and said computer for transmitting said movement data and operational parameters between said movement measuring device and said computer for analysis, reporting and operating purposes;
>
> Wherein said movement sensor measures the angle and velocity of said movement.

*Id.*

17. Claim 20 (the "Method Claim") provides a parallel definition for the patented "method." *Id.*

18. Claim 20 is for: "A method to monitor physical movement of a body part comprising the steps of:

> Attaching a portable, self-contained movement measuring device to said body part for measuring unrestrained movement in any direction;
>
> Measuring data associated with said physical movement; interpreting, using a microprocessor included in the portable, self-contained measuring device, said physical movement data based on user-defined operational parameters and a real-time clock; [and]
>
> Storing said data in memory;
>
> Detecting, using the microprocessor, a first user-defined event based on the movement data and at least one of the user-defined operational parameters regarding the movement data; and
>
> Storing, in said memory, first event information related to the detected first user-defined event along with first time stamp information reflecting a time at which the movement data causing the first user-defined event occurred.

*Id.*

## V. COUNT ONE: INFRINGEMENT OF THE REEXAMINED '576 PATENT

19. Plaintiff realleges paragraphs 1 through 22 herein.

20. Apple, directly or through intermediaries, makes, made, has made, used, imported, manufactured, provided, supplied, distributed, sold, and/or offered for sale to customers within the United States accelerometer-based activity monitoring devices that infringe the Reexamined '576 Patent either literally and/or under the doctrine of equivalents, including but not limited to the following models of wearable accelerometer-based activity tracker: Apple Watch 1st Generation Family, Apple Watch Series 1 Family, Apple Watch Series 2 Family, and Apple Watch Series 3 Family (collectively "Accused Products").

21. Third parties, including Defendant's customers, have directly infringed, and continue to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '576 Patent, either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale the Accused Products in the United States that infringe one or more claims of the '576 Patent.

22. Defendant has had prior knowledge and notice of the '576 Patent and its infringement through prior correspondence from counsel of LoganTree to Defendant and its General Counsel as discussed below.

23. Defendant has induced infringement under 35 U.S.C. § 271(b). Defendant has actively, knowingly, and intentionally induced, infringement of the '576 Patent by selling or otherwise supplying the Accused Products with the knowledge and intent that third parties will use, sell, and/or offer for sale in the United States, for their intended purpose to infringe the '576 Patent, and with the knowledge and intent to encourage and facilitate infringement through the dissemination of the Accused Products and/or the creation and dissemination of documentation

and technical information to customers and prospective customers related to the Accused Products, as well actively providing Defendant's app for use by customers with the Accused Products.

24. Defendant has contributed to the infringement by third parties, including its customers, of one or more claims of the '576 Patent under 35 U.S.C. § 271(c), by selling and/or offering for sale in the United States knowing that those products constitute a material part of the inventions of the '576 Patent, knowing that those products are especially made or adapted to infringe the '576 Patent, and knowing that those products are not staple articles of commerce suitable for substantial non-infringing use.

25. The Accused Products infringe the Reexamined '576 Patent because each of the Accused Products is a portable, self-contained device that uses an accelerometer to measure the angle and velocity of body movements, a user-programmable microprocessor capable of recognizing and analyzing data generated by the accelerometer, and internal memory and a clock for storing the data along with a timestamp.

26. The Accused Products infringe the Device Claim of the Reexamined '576 Patent, and other claims dependent on the Device Claim, in that each of the Accused Products:

    a. Is a portable, self-contained devices for monitoring body movements during physical activity (*e.g.*, each is a smartwatch that tracks body movements);

    b. Contains a movement sensor (*e.g.*, an accelerometer and gyroscope) capable of measuring data associated with body movements and generating signals indicative of such movements, and which measures the angle and velocity of such movements;

    c. Contains a power source (*e.g.*, a rechargeable internal battery);

    d. Contains a microprocessor connected to the movement sensor and power source capable of receiving, interpreting, storing, and responding to movement data generated by the accelerometer based on user-defined operational parameters (*e.g.*, distance), and detecting a first user-defined event based on the movement data and at least one of the user-defined operational parameters regarding the movement data (*e.g.*, distance goal), and storing first event information related to the selected first user-defined event along with the first time stamp information reflecting a time at which the movement data causing the first user-defined event occurred;

    e. Contains user inputs (*e.g.*, buttons, touch screen, etc.) connected to the microprocessor for controlling the device;

    f. Contains a real-time clock and memory for storing movement data; and

    g. Includes an output indicator connected to said microprocessor for signaling the occurrence of user-defined events (*e.g.*, screen, LED readout, colored lights, vibration of the watch etc.).

27. As reflected in the chart attached hereto as Exhibit C, the information Apple makes public about the Accused Products further demonstrates how they infringe the Device Claim of the Reexamined '576 Patent. Ex. C. While Exhibit C demonstrates the element-by-element infringement of one or more Accused Products, all of Apple's Accused Products incorporate equivalent body motion-tracking technology and design, and all infringe the Device Claim of the Reexamined '576 Patent.

28. Each of the Accused Products is designed to be and is cable of being connected to an external computer (such as a laptop or smart phone) and/or computer network operating

software capable of accessing and downloading stored data from the Accused Products, analyzing that data, and presenting the data to the user in different forms. When so connected, each of the Accused Products infringes the System Claim in of the Reexamined '576 Patent, and other claims dependent on the System Claim, in that the Accused product so connected:

    a. Is a system to aid in training and safety during physical activity;

    b. Contains a portable, self-contained movement measuring device of the kind described in Paragraph 26, *supra* (e.g., the Accused Product itself);

    c. Contains a computer (e.g., a personal computer or smart phone) running a program capable of interpreting and reporting movement data collected by the device;

    d. Contains a download device (e.g., cord, USB dongle, Bluetooth transmitter, etc.) electronically connected to the movement measuring device and the computer for transmitting data between the movement device and the computer for analysis.

29. When used as intended and instructed by Apple, each of the Accused Products infringes the Method Claim of the Reexamined '576 Patent, and other claims dependent on the Method Claim, in that the Accused Product, so used:

    a. Is a method to monitor physical movement of a body part comprising the steps of:

    b. Attaching a portable, self-contained movement measuring device (e.g., the Accused Product itself) to said body part for measuring unrestrained movement in any direction;

    c. Measuring data associated with physical movement of the body part (using the accelerometer and gyroscope described above);

    d. Interpreting said data using a microprocessor contained in the self-contained movement measuring device based on user-defined parameters and a real-time clock;

    e. Storing said data in memory;

    f. Detecting, using the microprocessor, a first user-defined event based on the movement data and at least one of the user-defined operational parameters regarding the movement data; and

    g. Storing, in said memory, first event information related to the detected first user-defined event along with first time stamp information reflecting a time at which the movement data causing the first user-defined event occurred.

30. The infringing actions of Apple are and have at all times been without the consent of, authority of, or license from Plaintiff.

31. As a direct and proximate result of the infringement of the Reexamined '576 Patent by Apple, Plaintiff has suffered damages in an amount that cannot yet be fully ascertained, which will be proven at trial.

### VI. PLAINTIFF'S ATTEMPTS TO CONTACT DEFENDANT

32. On July 7, 2017, Plaintiff's attorneys sent a letter by mail with a Certified Mail Return Receipt Requested (CMRRR) addressed to the General Counsel of Defendant Apple. LoganTree's letter informed the General Counsel and Defendants that it had products that infringe the '576 Patent. LoganTree in its letter indicated the hope of resolving the matter amicably and

requested a discussion of extending a non-exclusive license or cessation within fourteen (14) days. Apple's general counsel responded denying the claims asserted.

33. Having had prior knowledge of the '576 Patent, Defendant knew or should have known that, without taking a license to the patents-in-suit, its actions continued to infringe one or more claims of the '576 Patent. Therefore, Defendant has willfully infringed the '576 Patent.

34. The conduct of Defendant in infringing the '576 Patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff LoganTree requests that the Court grant the following relief:

a) Enter judgment that Defendant is infringing and have directly infringed the Reexamined '576 Patent under 35 U.S.C. § 271(a);

b) Order Defendant to pay damages adequate to compensate Plaintiff for Defendant's infringement of the Reexamined '576 Patent pursuant to 35 U.S.C. § 284, together with pre-judgment and post-judgment interests, in an amount according to proof;

c) Enter a judgment that the infringement was willful and that such damages be trebled pursuant to 35 U.S.C. § 284;

d) Enter judgment that this case is exceptional under 35 U.S.C. § 285 and award Plaintiffs reasonable attorneys' fees and costs incurred in this action; and

e) Award such other and further relief, at law or in equity, as the Court deems just and proper.

## VIII. DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a trial by jury on all issues so triable, pursuant to Fed. R. Civ. P. 38.

DATED: April 23, 2021

        Respectfully submitted by:

        **MCCATHERN, PLLC**

        */s/Arnold Shokouhi*
        Arnold Shokouhi
        Bar No. 24056315
        arnolds@mccathernlaw.com
        James E. Sherry
        Bar No. 24086340
        jsherry@mccathernlaw.com

        McCathern, PLLC
        3710 Rawlins Street, Suite 1600
        Dallas, TX 75219
        Phone: (214) 443-4478
        Facsimile: (214) 741-4717

        **PLAINTIFF'S COUNSEL**