**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| LOGANTREE LP,<br><br>Plaintiff,<br><br>v.<br><br>APPLE, INC.,<br><br>Defendant. | Civil Action No. 6:21-cv-00397-ADA<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT APPLE INC.'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

1. Defendant Apple Inc. ("Apple") files this Answer, Defenses, and Counterclaims to Plaintiff LoganTree LP's ("LoganTree") Complaint. Except as expressly admitted below, Apple denies each and every allegation set forth in the Complaint. Apple reserves the right to amend and/or supplement this Answer. Apple responds to the numbered paragraphs of the Complaint and the prayer for relief as follows:

## I. PARTIES

2. Apple lacks sufficient information to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and on that basis denies them.

3. Apple admits that it is organized under the laws of the state of California and has its principal place of business at One Apple Park Way, Cupertino, California 95014. Apple admits that it can be served with process through its registered agent, CT Corporation System, which has locations in all fifty states including at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

4. Apple admits it sells and offers to sell products and services throughout the United States, including in this judicial district. Apple denies all remaining allegations in Paragraph 4 of the Complaint.

## II. JURISDICTION AND VENUE

5. Apple admits that this action purports to arise under the United States patent laws. Apple admits that this Court has subject matter jurisdiction over patent law claims. Apple denies infringement and any and all relief Plaintiff is seeking.

6. Apple does not contest at this time, and solely for the purpose of the present litigation, whether Apple is subject to this Court's personal jurisdiction. Apple denies the Western District of Texas is a convenient venue under 28 U.S.C. § 1404. The remaining allegations in Paragraph 6 of the Complaint constitute conclusions of law and no response of Apple is required; to the extent an answer is required, Apple denies the allegations.

7. Apple admits it sells products, including the Accused Products, in the United States, the state of Texas, and the Western District of Texas. Apple denies it sells infringing products in the Western District of Texas or elsewhere, and denies that it has committed acts of infringement. Apple denies all remaining allegations in Paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, Apple denies it has committed acts of patent infringement or induced acts of patent infringement in the State of Texas, the Western District of Texas, or elsewhere. Apple admits it has facilities within the Western District of Texas but denies it is a convenient forum to litigate under 28 U.S.C. § 1404.

## III. THE PATENT-IN-SUIT

9. Apple admits that Exhibit A on its face appears to be a non-certified copy of U.S. Patent No. 6,059,576 ("the '576 Patent"). Apple further admits that the face of the document is entitled "Training and Safety Device, System and Method to Aid in Proper Movement During Physical Activity." Apple denies all remaining allegations in Paragraph 9 of the Complaint.

10. Apple admits that Exhibit B on its face appears to be a non-certified copy of U.S. Patent No. 6,059,576 C1 Reexamination Certificate. Apple denies all remaining allegations in Paragraph 10 of the Complaint.

11. Apple admits from the face of Exhibit B that Theodore L. Brann is named as the inventor. Apple lacks sufficient information to form a belief as to the truth of the allegations in paragraph 11 and on that basis denies them.

12. Apple lacks sufficient information to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, and on that basis denies them.

## IV. THE REEXAMINATION

13. Apple admits from the face of Exhibit B that the document appears to be a reexamination certificate issued on March 17, 2015. Apple further admits Claims 1, 13, and 20 appear to be independent claims and it appears the remaining 182 claims are dependent upon them. Apple denies all remaining allegations in Paragraph 13 of the Complaint.

14. Apple admits paragraph 14 includes language appearing in Claim 1 on the face of Exhibit B. Apple denies all remaining allegations in Paragraph 14 of the Complaint.

15. Apple lacks sufficient information to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, and on that basis denies them.

16. Apple denies that paragraph 16 accurately quotes Claim 13 as it appears on its face in Exhibit B, and Apple therefore denies this allegation.

17. Apple lacks sufficient information to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, and on that basis denies them.

18. Apple admits paragraph 18 includes language appearing in Claim 20 on the face of Exhibit B. Apple denies all remaining allegations in Paragraph 18 of the Complaint.

## V. COUNT ONE: INFRINGEMENT OF THE REEXAMINED '576 PATENT

19. Apple incorporates by reference each of its responses in Paragraph 1-18 above as if fully set forth herein.

20. Apple denies the allegations set forth in Paragraph 20 of the Complaint.

21. Apple denies the allegations set forth in Paragraph 21 of the Complaint.

22. Apple denies the allegations set forth in Paragraph 22 of the Complaint.

23. Apple denies the allegations set forth in Paragraph 23 of the Complaint.

24. Apple denies the allegations set forth in Paragraph 24 of the Complaint.

25. Apple denies the allegations set forth in Paragraph 25 of the Complaint.

26. Apple denies the allegations set forth in Paragraph 26 of the Complaint.

27. Apple denies the allegations set forth in Paragraph 27 of the Complaint.

28. Apple admits the Accused Products are capable of being wirelessly connected to a computer or smartphone. Apple denies the remaining allegations set forth in Paragraph 28 of the Complaint.

29. Apple denies the allegations set forth in Paragraph 29 of the Complaint.

30. Apple denies the allegations set forth in Paragraph 30 of the Complaint.

31. Apple denies the allegations set forth in Paragraph 31 of the Complaint.

## VI. PLAINTIFF'S ATTEMPTS TO CONTACT DEFENDANT

32. Apple admits it received correspondence from Plaintiff's attorneys on or around July 7, 2017 that stated: "It appears that the Apple Watch and Apple Watch Series 2 infringe at least Claim No. 1 of the 576 Patent and the Reexamined 576 Patent in violation of Section 271 of the Patent Act." Apple admits that its attorney responded by sending LoganTree two letters denying LoganTree's allegations, requesting additional information to enable Apple to perform a

meaningful investigation, and providing information supporting Apple's belief that the '576 Patent is invalid. LoganTree, however, never responded to Apple's letters, instead opting to file this lawsuit nearly four years later. Apple denies the remaining allegations set forth in Paragraph 32 of the Complaint, and specifically denies that it has committed any acts of infringement.

33. Apple denies the allegations set forth in Paragraph 33 of the Complaint.

34. Paragraph 34 of the Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, Apple denies these allegations.

## VII. PRAYER FOR RELIEF

Plaintiff LoganTree's prayers for relief (a)-(e) each contain a request for relief to which no response is required. To the extent that a response is required to LoganTree's prayer for relief, Apple denies that LoganTree is entitled to any relief from Apple in connection with the Complaint, including the relief specified in Plaintiff LoganTree's prayers for relief.

## VIII. DEMAND FOR JURY TRIAL

Plaintiff LoganTree's demand for a jury trial does not contain facts that Apple must admit or deny.

## APPLE'S AFFIRMATIVE DEFENSES

Apple pleads the following defenses to LoganTree's Complaint. Apple reserves the right to amend its Answer to add additional defenses not presented herein, including but not limited to those revealed during discovery. Apple does not assume the burden of proof where it is not legally upon Apple. Without admitting that Apple bears the burden of proof on any of the following, Apple asserts the following defenses:

**FIRST AFFIRMATIVE DEFENSE**
**(Noninfringment of U.S. Patent No. 6,059,576)**

Apple has not infringed, either directly or indirectly, any valid, enforceable, and properly construed claim of the ‘576 Patent, either literally or under the doctrine of equivalents.

**SECOND AFFIRMATIVE DEFENSE**
**(Invalidity of U.S. Patent No. 6,059,576)**

One or more of the claims of the ‘576 Patent are invalid for failure to meet the conditions of patentability or otherwise failing to comply with the provisions of 35 U.S.C. §§ 101 *et. seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112. Apple fully incorporates the allegations within Count I of Apple’s Counterclaims.

**THIRD AFFIRMATIVE DEFENSE**
**(No Willful Infringement of U.S. Patent No. 6,059,576)**

To the extent Apple is found to infringe any valid claims of the ’576 Patent (and Apple contends that it has and does not), such infringement was not willful.

**FOURTH AFFIRMATIVE DEFENSE**
**(Prosecution History Estoppel)**

LoganTree’s claims for infringement are barred, in whole or in part, by the doctrine of prosecution history estoppel due to representations, amendments, arguments, and admissions made to the United States Patent and Trademark Office during prosecution of the ‘576 Patent, including re-examination and proceedings before the Patent Trial and Appeals Board.

**FIFTH AFFIRMATIVE DEFENSE**
**(Statutory Limitations on Damages)**

LoganTree’s claims for alleged damages and costs are barred, in whole or part, by a statutory time limit and statutory bar for patents containing invalid claims under 35 U.S.C. §§ 286 and 288, respectively.

**SIXTH AFFIRMATIVE DEFENSE**
**(Statutory Limitation of Damages for Failure to Mark)**

LoganTree is barred, in whole or in part, from recovering damages to the extent LoganTree failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Apple's actions allegedly infringed the asserted patents.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Equitable Defenses)**

LoganTree's attempted enforcement of the '576 Patent is barred, at least in part, by one or more of the doctrines of estoppel, acquiescence, waiver, and unclean hands.

**COUNTERCLAIMS**

Defendant and Counterclaim-Plaintiff Apple Inc. ("Apple") incorporates by reference its above responses as if fully set forth herein. In accordance with Rule 13 of the Federal Rules of Civil Procedure, Apple asserts the following counterclaims against Plaintiff and Counterclaim-Defendant LoganTree LP ("LoganTree").

**THE PARTIES**

1. Apple is a California Corporation having its principal place of business in Cupertino, California.

2. On information and belief, LoganTree is a Nevada Partnership with Gulfstream Ventures, a Nevada Limited Liability Company, as its sole general partner.

**JURISDICTION AND VENUE**

3. The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), and the patent laws of the United States, 35 U.S.C. §§ 101 *et. seq.*, and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4. LoganTree has consented to this Court's personal jurisdiction by commencing this action for patent infringement against Apple in this Court.

5. To the extent the action initiated by LoganTree is adjudicated in this judicial district, venue is proper within this judicial district pursuant to 28 U.S.C. § 1391(b) and (c). However, venue in this judicial district is not convenient or in the interests of justice under 28 U.S.C. § 1404(a).

**COUNT I**
**(Declaration of Invalidity of U.S. Patent No. 6,059,576)**

6. Apple repeats and realleges Paragraphs 1 through 5 of this Counterclaim.

7. None of the asserted claims of the '576 Patent are valid because the claims fail to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. § 101 *et. seq.*, including 102, 103, and/or 112.

8. At least Claims 1, 13, and 20 are invalid for claiming ineligible subject matter under 35 U.S.C. § 101. For instance, at least Claims 1, 13, and 20 are each directed to the abstract idea of tracking and monitoring human movement. These claims also fail to recite an inventive concept sufficient to confer patent eligibility. Instead, they recite nothing more than tracking and monitoring movement, an act that humans have performed for many years, implemented using generic computer components.

9. Furthermore, at least Claim 1 of the '576 Patent is invalid as anticipated and/or obvious under 35 U.S.C. §§ 102/103 in view of at least U.S. Patent No. 5,919,149 to Allum ("Allum '149), alone or in combination with other prior art, such as U.S. Patent No. 5,027,824 to Dougherty ("Dougherty '824") and U.S. Patent No. 5,573,013 to Conlan ("Conlan '013"). For example, the combination of Allum '149, Dougherty '824, and Conlan '013 discloses each limitation in Claim 1 of the '576 Patent as discussed in Fitbit's Petition for *Inter Partes* Review of the '576 Patent, which was terminated via settlement prior to the Patent Trial and Appeal Board's institution decision. *See Fitbit, Inc. v. LoganTree LP*, IPR2017-00256, at 19-46 (Nov. 11, 2016).

10. Additionally, at least Claim 1 of the '576 Patent is invalid because it fails to meet of the conditions for patentability under 35 U.S.C. § 112. For example, Claim 1 of the '576 Patent is invalid under 35 U.S.C. § 112 ¶ 1 because, for example, the term "first user-defined event" does not have sufficient written description support in the specification.

11. Attached as Exhibit A is a true and accurate copy of U.S. Patent No. 5,919,149 (Allum '149).

12. Attached as Exhibit B is a true and accurate copy of U.S. Patent No. 5,027,824 (Dougherty '824).

13. Attached as Exhibit C is a true and accurate copy of U.S. Patent No. 5,573,013 (Conlan '013).

14. Attached as Exhibit D is a true and accurate copy of Fitbit's Petition for *Inter Partes* Review of U.S. Patent No. 6,059,576.

15. Paragraphs 19 through 31 of LoganTree's Complaint allege that Apple has infringed at least Claims 1, 13, and 20 of the '576 Patent.

16. There exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether the asserted claims of the '576 Patent are valid.

17. Apple is entitled to a judicial determination that the asserted claims, including at least Claims 1, 13, and 20 of the '576 Patent are invalid.

**COUNT II**
**(Declaration of Noninfringement of U.S. Patent No. 6,059,576)**

18. Apple repeats and realleges Paragraphs 1 through 17 of its Counterclaims.

19. LoganTree cannot meet its burden to prove that Apple infringed at least Claim 1 of the '576 Patent. Apple has not infringed Claim 1, either directly or indirectly, literally or under the

doctrine of equivalents, at least because, by way of non-limiting example, the Accused Products do not include every limitation required by Claim 1 of the ‘576 Patent.

20. As one example, the Accused Products do not include a microprocessor capable of receiving, interpreting, storing and responding to said movement data “based on user-defined operational parameters,” as that term was characterized by LoganTree in overcoming U.S. Patent No. 5,976,083 to Richardson during IPR proceedings involving petitioner Garmin. As another example, the Accused Products do not include a movement sensor capable of measuring data associated with “unrestrained movement,” as that term was characterized by LoganTree in overcoming U.S. Patent No. 5,978,972 to Stewart during the same IPR proceedings.

21. LoganTree cannot meet its burden to prove that Apple infringes at least Claim 1 of the ‘576 Patent by way of inducement at least because Apple has not acted with the specific intent necessary for induced infringement.

22. Paragraphs 19 through 31 of LoganTree’s Original Complaint allege that Apple has infringed at least Claims 1, 13, and 20 of the ‘576 Patent.

23. There exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether the asserted claims of the ‘576 Patent are infringed.

24. Apple is entitled to a judicial determination that Apple has not directly infringed or induced others to infringe any of the asserted claims of the ‘576 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Apple respectfully requests entry of judgment in its favor and against LoganTree as follows:

1. Enter a judgment in favor of Apple denying LoganTree all relief requested in its Complaint and dismissing the Complaint with prejudice;
2. Enter judgment declaring each asserted claim of the '576 Patent is invalid;
3. Enter judgment declaring each asserted claim of the '576 Patent is not directly infringed;
4. Enter judgment declaring each asserted claim of the '576 Patent is not indirectly infringed;
5. That the Court deny LoganTree's request for any relief under 35 U.S.C. § 285;
6. That the Court find this to be an exceptional case under 35 U.S.C. § 285, entitling Apple to an award of reasonable attorney's fees;
7. That the Court award Apple its costs associated with this case;
8. For such other and further relief as the Court may deem just, proper and equitable.

**JURY DEMAND**

Apple demands a trial by jury on all claims and issues so triable.

Dated: July 2, 2021

Respectfully submitted,

/s/ J. Stephen Ravel
J. Stephen Ravel
Texas State Bar No. 16584975
Kelly Ransom
Texas State Bar No. 24109427
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Tel: (512) 495-6429
Email: steve.ravel@kellyhart.com
Email: kelly.ransom@kellyhart.com

*Attorneys for Defendant Apple, Inc.*

B. Trent Webb (*pro hac vice to be filed*)
Lauren Douville (*pro hac vice to be filed*)
Maxwell C. McGraw (*pro hac vice to be filed*)
Mark D. Schafer (*pro hac vice to be filed*)
Ryan Schletzbaum (*pro hac vice to be filed*)
Shook, Hardy & Bacon L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Tel: (816) 474-6550
Email: bwebb@shb.com
Email: ldouville@shb.com
Email: mmcgraw@shb.com
Email: mschafer@shb.com
Email: rschletzbaum@shb.com

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Civil Rule CV-5(b)(1) on July 2, 2021.

*/s/ J. Stephen Ravel*
J. Stephen Ravel